IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE

TREVOR FERLEY,

    Plaintiff,

VS.

MOUNTAIN STATES HEALTH ALLIANCE
d/b/a JOHNSON CITY MEDICAL CENTER,
MARC AIKEN, M.D., ROBERT J. DETROYE,
M.D., WATAUGA ORTHOPAEDICS, PLC,
ANITA DIANE COBBLE, M.D., JULIE ANN
DUNN, M.D. and MEDICAL EDUCATION
ASSISTANCE CORPORATION,

    Defendants.

Case No. _____

Jury Demanded

## COMPLAINT

### Introduction

This is a diversity based medical malpractice suit for money damages against Defendant health care providers who treated Plaintiff, Trevor Ferley, for injuries he received in a motorcycle accident on October 19, 2010. Plaintiff sustained multiple fractures, including a fracture of the humerus of his right arm. The Defendants collectively breached the applicable standards of care in the care of Plaintiff's humerus fracture. As a direct and proximate result of their breach of the standards of care, Plaintiff's right arm was amputated on November 2, 2010.

### Parties and Jurisdiction

1. The Plaintiff, Trevor Ferley ("Mr. Ferley"), is a resident of Smyth County, Virginia, and is a citizen of the United States. Mr. Ferley's residential address is 130 Rolling Hills Drive, Marion, Virginia 25354.

2. The Defendant, Mountain States Health Alliance d/b/a Johnson City Medical Center ("JMCM") is a Level 1 trauma hospital located in Johnson City, Tennessee, and is incorporated in the State of Tennessee. Mr. Ferley was a patient at Johnson City Medical Center from October 19, 2010, to November 5, 2010. At all times material, the nurses involved in the care of Mr. Ferley were acting as agents of Mountain States Health Alliance d/b/a Johnson City Medical Center. Mountain States Health Alliance has designated as its agent for service of process, Timothy Belisle, 400 North State of Franklin Road, Johnson City, Tennessee 37604.

3. The Defendant, Marc Aiken, M.D., is a medical doctor licensed in the State of Tennessee, who specializes in orthopaedic surgery, and who provided medical care to Mr. Ferley. Defendant, Marc Aiken, M.D., holds himself out as a specialist in trauma medicine. Marc Aiken, M.D. practices medicine at 2410 Susannah Street, Johnson City, Tennessee 37601.

4. The Defendant, Robert J. DeTroye, M.D., is a medical doctor licensed in the State of Tennessee who specializes in orthopaedic surgery, and who provided medical care to Mr. Ferley. Defendant, Robert J. DeTroye, M.D., holds himself out as a specialist in trauma medicine. Robert J. DeTroye, M.D. practices medicine at 2410 Susannah Street, Johnson City, Tennessee 37601.

5. The Defendant, Watauga Orthopaedics, PLC ("Watauga") is a professional corporation which employs Defendants, Marc Aiken, M.D. and Robert J. DeTroye, M.D., and other health care providers, including physician's assistants, and which provided medical care to Mr. Ferley. At all times material, the employees of Watauga Orthopaedics, PLC, involved in the care of Mr. Ferley were acting as agents of

2

Watauga Orthopaedics, PLC. Watauga Orthopaedics, PLC, may be served through its registered agent for service of process, Marc Aiken, M.D., 2410 Susannah Street, Johnson City, Tennessee 37601.

6. The Defendant, Anita Diane Cobble, M.D., is a medical doctor licensed in the State of Tennessee, specializing in surgery, and who provided medical care to Mr. Ferley. The Defendant, Anita Diane Cobble, M.D., holds herself out as a specialist in trauma medicine. Anita Diane Cobble, M.D. practices medicine at 325 North State of Franklin Road, Johnson City, Tennessee 37604.

7. The Defendant, Julie Ann Dunn, M.D., is a medical doctor licensed in the State of Tennessee, specializing in surgery, and who provided medical care to Mr. Ferley. The Defendant, Julie Ann Dunn, M.D., holds herself out as a specialist in trauma medicine. Julie Ann Dunn, M.D. practices medicine at 325 North State of Franklin Road, Johnson City, Tennessee 37604.

8. The Defendant, Medical Education Assistance Corporation ("MEAC"), is a non-profit professional corporation which employs Anita Diane Cobble, M.D. and Julie Ann Dunn, M.D., and other health care providers, all of which provided medical care to Mr. Ferley. MEAC has designated Russell Lewis as its registered agent for service of process. At all times material, the employees of MEAC involved in the care of Mr. Ferley were acting as agents of MEAC. Mr. Lewis has offices located at 222 East Main Street, Johnson City, Tennessee 37604.

9. This action is brought pursuant to *T.C.A.* § 29-26-115, *et seq.*

10. This Court has jurisdiction of the subject of this Complaint under 28 U.S.C.A. Section 1332.

3

11. Venue lies in this district pursuant to 28 U.S.C.A. Section 1391.

**Notice of Medical Malpractice Claim**

12. On October 18, 2011, Defendants were given notice of this claim by mailing a notice to each of the Defendants in compliance with *T.C.A.* § 29-26-121, as shown by the attached Affidavits of Peggy Edwards attached as Exhibits A – G.

**Certificate of Good Faith**

13. Pursuant to *T.C.A.* § 29-26-122, a Certificate of Good Faith is attached as Exhibit H.

**Facts**

14. On October 19, 2010, Plaintiff, Trevor Ferley, was involved in a motorcycle accident in Smyth County, Virginia. He sustained serious injuries and was transported by Wings medical flight to JCMC.

15. Plaintiff was seen at the JCMC emergency department and was admitted to trauma surgery under the care of Defendants Cobble and Dunn.

16. Radiological studies conducted at the request of Defendant Cobble identified multiple fractures, including a comminuted displaced transverse fracture involving the mid-right humeral shaft with medial displacement of the distal fracture one shaft width.

17. Defendant Aiken, assisted by Defendant Watauga P.A. (physician's assistant) and an employee of Defendant MEAC, performed a closed reduction of the right humerus fracture and applied a coaptation splint to the right arm on October 19, 2010.

4

18. Defendant Aiken spoke to members of Plaintiff's family after performing the closed reduction and communicated to them that, considering his age, Mr. Ferley would regain full use of his right arm.

19. On October 20, 2010, the medical records show that the fingers of Mr. Ferley's right hand were purple. A note by Defendant Watauga's physician's assistant states that the patient will need an ORIF (open reduction internal fixation) at a later date.

20. On October 21, 2010, the medical records state "Ortho-will need fixation of rt. humerus." Defendant Aiken noted "Discussed with Mom. No plans for any more surgery in immediate future. May need debridement ? & ORIF rt. Humerus (lined up well at present)."

21. On October 22, 2010, a note by Defendant Watauga's physician's assistant states "Needs fixation of rt. humerus." In a Trauma/Critical Care progress note that same date, signed by Dr. Vinsant, an agent of Defendant MEAC, and Defendant Cobble, it is stated "Ask Ortho about when they plan to take back for plating of rt humerous."

22. On October 22, 2010, Plaintiff had a low grade fever that spiked upwards later that night. Antibiotics were ordered and administered.

23. On October 23, 2010, there is a note from Nursing to Ortho "Is there something we can do about the right upper extremity case? It is very abrasive to the underarm." Under Physician Progress Notes/Consult at 14:30, is the statement, "Will likely need ORIF rt humerus."

5

24. On October 25, 2010, under Physician Progress Notes/Consult signed by Dr. Vinsant, Trauma Resident, and Defendant Cobble, Attending: "Does not wiggle fingers of rt hand." Also documented in the record is a drawing of Mr. Ferley's lower right arm marked and a notation of blisters.

25. On October 26, 2010, it is noted under Trauma/Critical Care Progress Notes, "Rt upper extremity in cast to shoulder, fingers warm but no movement. Dr. Vinsant, Trauma Resident, Dr. Cobble, Attending."

26. On October 27, 2010, it is noted that Mr. Ferley was becoming anxious and was in severe pain; morphine was administered for pain and Ativan for his anxiety. Under Trauma/Critical Care Progress Notes: "Rt upper extremity in cast to shoulder, fingers warm but no movement. Dr. Vinsant, Trauma Resident, Dr. Cobble, Attending."

27. It is further noted on October 27, 2010, at 18:46: "Ortho – Rt upper extremity dressing removed. Moderate/severe swelling, multiple ? fracture blisters. Pt unable to extend wrist. ? to radial nerve injury vs. swelling, decreased sensation. Rt. hand ? brusing/necrosis to ulnar border of hand and AC fossa." It was also noted: "Ortho – Rt. humerus fracture s/p or now with possible radial nerve palsy and necrosis to ulna border of hand/AC Fossa. May need surgery, debridement. Dr. Aiken to evaluate tonight."

28. For the next several days, Mr. Ferley's right humerus fracture was observed and noted by the Defendants. The condition of his right arm continued to deteriorate and he developed blisters on his arm. Dr. Foley, a plastic surgeon, was

6

consulted on October 29, 2010, and he proposed performing skin grafts after the right arm was stabilized.

29. On October 29, 2010, it is noted "Ortho – ORIF to rt humerus, hopefully Wednesday of next week. Will coordinate with Plastics on timing of surgery. Many large blisters on rt arm."

30. On October 31, 2010, Plaintiff's temperature remained high, and he was reporting significant pain. An x-ray disclosed "nearly a complete bone width of medial displacement of the distal fracture fragment." The dressing on his right arm was noted to have greenish/brown drainage present.

31. On November 1, 2010, Defendant DeTroye performed the ORIF of Mr. Ferley's humerus fracture. On November 2, 2010, Dr. Foley came in to do the debridement and repair of the blisters. He determined that the condition of Mr. Ferley's arm had regressed to the point that his arm had to be amputated. Before Dr. Foley could perform the amputation, Defendant DeTroye removed the hardware that had been inserted into Plaintiff's right upper humerus for the ORIF. Following that, Dr. Foley performed the amputation above the elbow of Mr. Ferley's right arm.

32. Plaintiff had developed a compartment syndrome of his right arm, which the Defendants knew, or should have known, was a possibility following the trauma of which the Defendants were fully aware. Mr. Ferley's signs and symptoms were consistent with development of compartment syndrome.

33. Mr. Ferley, who was right-handed, has endured severe pain, suffered emotionally, has incurred in the past and will incur in the future, substantial medical

expenses, and prosthetic expenses, as a result of the loss of his arm. Mr. Ferley's capacity to earn money has been significantly reduced.

## Cause of Action

34. The Defendants breached the applicable standards of care in the care and treatment of Plaintiff when they failed to perform adequate physical examinations and testing, and, as a direct and proximate result of their breach of the standards of care, Mr. Ferley's right arm was amputated.

35. If Defendants had complied with the respective standards of care, Plaintiff's right arm would not have had to be amputated.

## Request for Relief

Plaintiff, Trevor Ferley, by and through counsel, requests the following relief:

1. Judgment against the Defendants, jointly and severally, in the amount of Twenty Five Million Dollars ($25,000,000.00);

2. Prejudgment interest and costs, including discretionary costs; and

3. Plaintiff requests a jury trial.

Respectfully submitted,

TREVOR FERLEY

BY: _____
Olen G. Haynes, BPR #5987
Co-Counsel for Plaintiff
Arnold, Haynes & Sanders
P.O. Box 1879
Johnson City, TN 37605
423-928-0165

8

BY: *[signature]*
Gerald L. Gray, VSB #13285
Co-Counsel for Plaintiff
Gerald Gray Law Firm
P.O. Box 929
Clintwood, VA 24228
276-926-4607