UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TREVOR FERLEY,<br>      Plaintiff,<br><br>v.<br><br>MOUNTAIN STATES HEALTH ALLIANCE<br>d/b/a JOHNSON CITY MEDICAL CENTER,<br>et al.,<br>      Defendants. | )<br>)<br>)<br>)   NO. 2:12-CV-51<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court to address the Motion for Summary Judgment filed by the defendants, Julie Ann Dunn, M.D., ("Dr. Dunn") and Medical Education Assistance Corporation ("MEAC"), [Doc. 34]. The defendants contend that summary judgment should be granted because the undisputed facts establish that Dr. Dunn complied with the standard of care for surgeons practicing in Johnson City, Tennessee or similar communities at all time relevant and material to the care and treatment she provided the plaintiff, Trevor Ferley, and that Dr. Dunn did not negligently cause any injury to Mr. Ferley which would not otherwise have occurred. Additionally, the defendants contend the claims against MEAC are based solely upon vicarious liability, and therefore MEAC is entitled to be dismissed as well. The plaintiff has responded to the defendants' motion, [Doc. 39], this matter has been briefed, and it is now ripe for disposition. For the reasons set out below, the defendants' Motion for Summary Judgment will be denied.

### *I. STANDARD OF REVIEW*

A motion for summary judgment may be granted "if the pleadings, depositions, answers to

1

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering such a motion, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Though the burden of establishing there is no genuine issue of material fact lies upon the moving party, *Celotex Corp. v. Catrett,* 477 U.S. 317, 330 n. 2, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the nonmoving party cannot rest upon mere allegations or denials in its pleadings, but must go beyond the pleadings and offer "specific facts" to show there is a genuine issue for trial. *Matsushita,* 475 U.S. at 586-87.

In a medical malpractice case, once a defendant physician has filed a motion for summary judgment with an attached affidavit stating that he or she did not breach the applicable standard of care, the plaintiff "cannot rest on the allegations in [the]complaint." *Kenyon v. Handal,* 122 S.W.3d 743, 758 (Tenn.Ct.App.2003). As is the case here, the common response to such a motion and attached affidavit is to submit a contradictory affidavit from a medical expert who satisfies the requirements of Tennessee Code Annotated section 29–26–115(a) and (b). *Id.* A plaintiff who is "unable to produce an expert affidavit of [his] own face[s] almost certain dismissal of the complaint because the physician has effectively negated an essential element of the case." *Id.* Additionally, "[w]ithout an opposing expert affidavit, [a plaintiff] cannot demonstrate the existence of a genuine factual dispute regarding whether the physician breached the standard of professional practice in the community." *Id.* Even if the affidavit contains sufficient rebuttal proof, summary judgment may still be appropriate if the affidavit does not "contain sufficient information to demonstrate that the [expert] is qualified to render an expert opinion and that the [expert]'s opinion will substantially

2

assist the trier of fact." *Id.* Proof regarding the "failure of a physician to adhere to an acceptable standard of care in treating a patient must be by expert medical testimony." *Williams v. Baptist Mem'l Hosp.,* 193 S.W.3d 545, 553 (Tenn.2006).

## *II. FACTUAL BACKGROUND SET OUT IN DEFENDANTS' MEMORANDUM IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT*

This is a medical malpractice action which arises out of care and treatment provided to Trevor Ferley. Mr. Ferley was involved in a severe motorcycle accident on October 19, 2010. He was transported to Johnson City Medical Center in Johnson City, Tennessee for emergency treatment. Mr. Ferley had been admitted to the hospital on October 19, 2010. Mr. Ferley was admitted to the hospital following his initial stabilization, surgery, and treatment. Mr. Ferley had multiple injuries including a fracture of his right femur, dislocation of his left hip, a fracture of his left wrist, a fracture of his right humerus, fractures of both clavicles, a splenic laceration, pulmonary contusions, pneumothoraces in both lungs, and a fracture of his first rib. Orthopaedic specialists and neurosurgical specialists were consulted relating to his injuries. The trauma service was monitoring his overall status and condition, and orthopaedic physicians were monitoring Mr. Ferley's orthopaedic injuries and were evaluating him relating to those injuries on a daily basis. Until October 24, 2010, Dr. Diane Cobble was the attending trauma surgeon for Mr. Ferley. Based upon rotating call schedules, Dr. Dunn became his attending trauma surgeon on October 25 and continued in that role until the time of Mr. Ferley's discharge on November 5, 2010.

Mr. Ferley underwent amputation of his right arm on November 2, 2010. The plaintiff alleges that the amputation was necessitated due to the development of a compartment syndrome in the right arm. The plaintiff alleges that the defendants failed to diagnose compartment syndrome and treat that condition prior to November 2, 2010.

### III. DEFENDANT'S UNDISPUTED FACTS ADOPTED BY THE COURT

The defendant has submitted the affidavit of the defendant, Dr. Dunn, which establish the following facts which the plaintiff does not dispute:

1. Dr. Julie Ann Dunn is a physician licensed to practice medicine in the state of Tennessee and was so licensed in October of 2010 and for more than one year prior to that time.

2. Dr. Dunn is familiar with the standard of care for physicians practicing in the specialty of surgery in Johnson City, Tennessee and similar communities as that standard existed in October of 2010 and at all times relevant to this action.

3. Dr. Dunn provided care and treatment to Trevor Ferley from October 25, 2010 until his discharge from the hospital.

4. At no time during her care and treatment did Dr. Dunn believe that Mr. Ferley had a compartment syndrome.

5. On October 28, 2010, Dr. Dunn requested a plastic surgery consultation as a result of her concerns about Mr. Ferley's skin on his right arm.

6. The consulting plastic surgeon, Dr. Foley, examined Mr. Ferley that same day, and plastic surgery continued to follow Mr. Ferley after that. The plastic surgeons did not note any signs of or concerns for compartment syndrome prior to Mr. Ferley's surgery on November 2, 2010.

7. Medical Education Assistance Corporation is sued only on the basis of vicarious liability for the actions of Dr. Dunn and Dr. Cobble.

The other facts submitted by the defendant are disputed in the affidavit of Mark Louis Shapiro, M.D. which was submitted by the plaintiff.

### IV. ANALYSIS

The proof requirements for a medical malpractice action are found in Tennessee Code Annotated § 29–26–115(a): [1]

> (a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

The requirements for competency of a proffered medical expert are set forth in subsection (b) of § 29-26-115:

> (b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred.

As explained by the Tennessee Supreme Court in *Shipley v. Williams*, 350 S.W.3d 527, (Tenn.2011):

> In summary, (1) at the summary judgment stage of the proceedings, trial courts should not weigh the evidence but must view the testimony of a qualified expert proffered by the nonmoving party in

---

[1] Because this action was commenced prior to the effective date of the 2012 amendments, this Court applies the version of the statute in effect in 2008.

5

the light most favorable to the nonmoving party. (2) A claimant is required to prove "[t]he recognized standard of acceptable professional practice ... in the community in which the defendant practices or in a similar community." Tenn.Code Ann. § 29–26–115(a)(1). The medical expert or experts used by the claimant to satisfy this requirement must demonstrate some familiarity with the medical community in which the defendant practices, or a similar community, in order for the expert's testimony to be admissible under Rules 702 and 703. Generally, a competent expert's testimony that he or she has reviewed and is familiar with pertinent statistical information such as community size, hospital size, the number and type of medical facilities in the community, and medical services or specialized practices available in the area; has had discussions with other medical providers in the pertinent community or a neighboring one regarding the applicable standard of care relevant to the issues presented; or has visited the community or hospital where the defendant practices, will be sufficient to establish the expert's testimony as admissible. (3) A medical expert is not required to demonstrate "firsthand" and "direct" knowledge of a medical community and the appropriate standard of medical care there in order to qualify as competent to testify in a medical malpractice case. A proffered expert may educate himself or herself on the characteristics of a medical community in a variety of ways, as we have already noted.

*Id.* at 554.

In this case, the plaintiff has submitted an affidavit from Dr. Mark Louis Shapiro, the Associate Professor of Surgery and Associate Director of Trauma Services at Duke University Medical Center in Durham, North Carolina, in opposition to the defendants' motion for summary judgment, asserting that Dr. Dunn breached the applicable standard of care. The affidavit of Dr. Shapiro complies with the requirements of Tennessee Code Annotated § 29–26–115(a) and (b), and the defendants have not filed any opposition to this affidavit that would indicate that Dr. Shapiro is in fact not competent to testify. This affidavit contains sufficient information to demonstrate that the Dr. Shapiro is qualified to render an expert opinion and that his opinion will substantially assist the trier of fact. Taking this affidavit in the light most favorable to the nonmoving party, the

6

plaintiff has demonstrated the existence of a genuine factual dispute regarding whether Dr. Dunn breached the standard of professional practice in the community of Johnson City, Tennessee, and if the standard of care had been met by Dr. Dunn, the plaintiff's arm "likely would have been salvageable." Therefore, the defendant Dr. Dunn's motion for summary judgment is not well-taken and will be denied. Because the claims against MEAC are based solely upon vicarious liability, the motion for summary judgment in regard to MEAC will be denied as well.

## *V. CONCLUSION*

Based upon the foregoing reasons, it is hereby **ORDERED** that the defendants' motion for summary judgment is **DENIED**. [Doc.34].

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE